■ JANET ANTORINO, Appellant, v WALTER MORDES, Respondent. [609 NYS2d 273] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated April 14,

1992, which granted the defendant's motion for summary judgment dismissing the complaint due to the plaintiff's failure to establish a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court's conclusion that the plaintiff failed to establish a serious injury within the meaning of Insurance Law § 5102 (d). The only admissible medical evidence proffered by the plaintiff in opposition to the defendant's motion was an affidavit from her treating physician *(see, Grasso v Angerami,* 79 NY2d 813; *Maliadis v Giaconnelli,* 191 AD2d 682), which stated that the plaintiff "continued to suffer from persistent pain and restriction of motion in her lower back." To the extent that the plaintiff's physician was simply repeating the plaintiff's own subjective complaints of pain, the affidavit is not sufficient to establish a serious injury *(see, Scheer v Koubek,* 70 NY2d 678; *Dubois v Simpson,* 182 AD2d 993; *Cesar v Felix,* 181 AD2d 852; *Spezia v De Marco,* 173 AD2d 462; *Bates v Peeples,* 171 AD2d 635).

In addition, the physician's assertion that the plaintiff continued to experience restriction of motion in her lower back directly contradicts the same physician's prior finding that the plaintiff's lumbosacral range of motion was "near full" with only "mild tenderness" in the surrounding musculature. It is clear, therefore, that the conclusory assertions of the plaintiff's treating physician were tailored to meet the statutory requirements and are unsupported by any objective medical proof *(see, Dubois v Simpson, supra; Georgia v Ramautar,* 180 AD2d 713; *Crane v Richard,* 180 AD2d 706; *Adolphe v Ramirez,* 173 AD2d 583). As such, they fail to establish a serious injury within the meaning of Insurance Law § 5102 (d). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.