■ ADOLFO IGLESIAS, Appellant, v INLAND FREIGHTWAYS, INC., et al., Respondents. [619 NYS2d 59] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Segal, J.), dated August 17, 1993, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

We stress initially that this Court has not considered the materials which appear in the plaintiff's appendix between pages 32 and 41 inasmuch as they were created after the

issuance of the order appealed from and thus are dehors the record on appeal *(see, Gilmore v Town of Brookhaven,* 201 AD2d 619).

The defendants made out a prima facie case that the plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d). In opposition to the motion for summary judgment, the plaintiff submitted the affidavit of Dr. G.J. Palermo, attested to on July 2, 1993, indicating only that the plaintiff sustained a cervical sprain with an unspecified degree of restriction of motion. This was insufficient to defeat the motion *(see, Tipping-Cestari v Kilhenny,* 174 AD2d 663). Moreover, the plaintiff's continuing subjective complaints of pain cannot suffice to establish serious injury under the statute *(see, Scheer v Koubek,* 70 NY2d 678).

Notwithstanding the fact that the plaintiff has failed to comply with certain of the requirements set forth in CPLR 5528 (a), under these circumstances, we conclude that the imposition of sanctions is not warranted. Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.