■ SAKINA LINCOLN, Respondent, v DWIGHT JOHNSON, Defendant, and J & M BEER & SODA DISTRIBUTORS et al., Appellants. [639 NYS2d 124]

The appellants made a prima facie showing that the plaintiff had not sustained a "serious injury" as defined by Insurance Law § 5102 (d). The plaintiff's affidavit, which consisted of subjective complaints of pain, was insufficient to raise a triable issue of fact *(see, Almonacid v Meltzer,* 222 AD2d 631). The unsworn report by the plaintiff's treating physician was not in admissible form and cannot be considered *(see, Pagano v Kingsbury,* 182 AD2d 268). The only other admissible evidence submitted by the plaintiff in opposition, the affidavit of Dr. Leonard Schuchman, was insufficient to defeat the motion. Dr. Schuchman failed to cite any objective tests which he per-

formed in reaching his conclusions *(see, Georgia v Ramautar,* 180 AD2d 713; *Giannakis v Paschilidou,* 212 AD2d 502). In addition, Dr. Schuchman's affidavit reveals that the plaintiff only suffered minor, mild, or slight limitations of use, which are insufficient to establish serious injury *(see, Gaddy v Eyler,* 79 NY2d 955; *Licari v Elliott,* 57 NY2d 230, 236). Furthermore, Dr. Schuchman's use of the words "permanent", "significant limitation", and "consequential limitation" in describing the plaintiff's injuries were clearly tailored to meet the statutory requirements, and thus, were insufficient to establish "serious injury" *(see, Giannakis v Paschilidou, supra).* O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.