■ WILLIAM J. BALDASTY III, Appellant, v BRIGITTE H. COOPER et al., Respondents. [656 NYS2d 332] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), dated July 29, 1996, which, upon a determination of the same court dated July 9, 1996, granting the defendants' motion for summary judgment, dismissed his complaint.

Ordered that the judgment is affirmed, with costs.

The defendants established, through the plaintiff's deposition testimony, that the plaintiff suffered only intermittent shoulder pain, a prima facie case that the plaintiff did not suffer "serious injury" within the meaning of Insurance Law § 5102 (d) (*see, Craft v Brantuk*, 195 AD2d 438; *Tatti v Cummings*, 193 AD2d 596; *Stadier v Findley*, 148 AD2d 600). The plaintiff's affidavit, which contained only subjective complaints of pain and the affirmed medical report of his treating physician, whose diagnosis was based on those subjective complaints of pain, was insufficient to raise a triable issue of fact (*see, Lincoln v Johnson*, 225 AD2d 593; *Barrett v Howland*, 202 AD2d 383). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.

■ JENNIFER BRIGGS, Appellant, v JACKMAN AND LAKE, INC., et al., Respondents. [657 NYS2d 333] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated December 13, 1995, which denied her motion to vacate an order of the same court dated October 12, 1993, which, upon the default of the plaintiff in opposing the defendants' motion for summary judgment dismissing the complaint, granted the motion.

Ordered that the order is affirmed, with costs.

It is well settled that a party attempting to vacate a default must establish both a reasonable excuse for the default and a meritorious claim or defense (*see, Putney v Pearlman*, 203 AD2d 333). The plaintiff has failed to satisfy this standard in this case. Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.