■ RAMONA PANISSE et al., Appellants, v JRS. TRUCK RENTAL, INC., et al., Respondents. [662 NYS2d 768] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCabe, J.), entered April 30, 1996, which granted the separate motions of the defendants Howard Ende and Abraham Ende and the defendants Jrs. Truck Rental, Inc., and Walter Youchman, for summary judgment dismissing the complaint and any cross claims insofar as asserted against them, and dismissed the complaint.

Ordered that the order is affirmed, with one bill of costs.

The defendants properly relied upon the unsworn reports of the plaintiffs' physicians to establish a prima facie case that the injured plaintiff did not sustain serious injury as defined by Insurance Law § 5102 (d) (see, Pagano v Kingsbury, 182 AD2d 268, 271). Here, one such report stated, inter alia, that the injured plaintiff's neurological examination was normal and that she had full range of motion in her neck, and this sufficed to make a prima facie showing that the plaintiff did not suffer a serious injury (see, Gaddy v Eyler, 79 NY2d 955, 956-957). The burden then shifted to the plaintiffs to come forward with sufficient evidence to overcome the defendants' motion by demonstrating that the injured plaintiff sustained a serious injury (see, Gaddy v Eyler, supra, at 957).

In the instant case, the court correctly determined that the plaintiffs' evidence was insufficient in this regard. The physician's affidavit submitted by the plaintiffs failed to quantify the restriction of motion suffered by the injured plaintiff (see, Wilkins v Cameron, 214 AD2d 557, 558; Stallone v County of Suffolk, 209 AD2d 403; Iglesias v Inland Freightways, 209 AD2d 479, 480). Moreover, the physician's conclusory recitation of the words "permanent consequential limitation" and "significant limitation" was clearly tailored to meet the statutory requirements (see, Antorino v Mordes, 202 AD2d 528). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.