■ Islamudin Khorami, Appellant, v Gizmo Cab Corp. et al., Respondents. [659 NYS2d 775] —In an action to recover damages for personal injuries, the plaintiff appeals from an order

of the Supreme Court, Queens County (Lonschein, J.), dated April 1, 1996, which granted the motion for summary judgment by the defendants Gizmo Cab Corp. and Bernard Bazile and the cross motion for summary judgment by the defendants Hyunsoo Han and Il Young Kim, and dismissed the complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the motion and cross motion for summary judgment dismissing the complaint are denied, and the complaint is reinstated.

There is an issue of fact as to whether the plaintiff sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). The affidavit of the plaintiff's orthopedic surgeon indicated that the surgeon had examined the plaintiff on February 11, 1993, which is the day after the accident in which the plaintiff was injured, and on January 20, 1994, and February 20, 1996. Based upon these examinations, the surgeon concluded that the plaintiff had sustained "a permanent consequential limitation of use of his lumbar spine, left shoulder and cervical spine" which were causally related to the accident, and quantified these limitations in his affidavit (see, Lopez v Senatore, 65 NY2d 1017; Washington v Mercy Home for Children, 232 AD2d 549; Schwartz v New York City Hous. Auth., 229 AD2d 481). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.