■ PATRICIA A. BONE, Plaintiff, v JOHN D. GOTTLIEB et al., Defendants. (Action No. 1.) COURTNEY HASSELL, Plaintiff, v JOHN D. GOTTLIEB et al., Defendants. (Action No. 2.) JOHN BELL et al., Appellants, v PATRICIA BONE et al., Respondents. (Action No. 3.) [659 NYS2d 1008] —In three related actions to recover damages for personal injuries, etc., the plaintiffs in Action No. 3 appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 26, 1996, which granted the motion of the defendants John Gottlieb and Jeffrey Roberts, and the separate motion of the defendant Patricia Bone, for summary judgment dismissing the complaint in Action No. 3 on the ground that the plaintiff John Bell failed to establish that he sustained a serious injury as defined under Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The medical evidence submitted by the defendants sufficiently established a prima facie case which entitled them to summary judgment. The burden then shifted to the plaintiff to come forward with sufficient evidence to overcome the defendants' showing by demonstrating that he had suffered a serious injury within the meaning of Insurance Law § 5102 (d) *(see, Gaddy v Eyler,* 79 NY2d 955, 956-957; *Licari v Elliott,* 57 NY2d 230, 235). We agree with the Supreme Court that the plaintiff failed to meet this burden via the affidavit of his chiropractor since as the Supreme Court stated the affidavit "[did] not indicate any objective basis upon which [to determine] the degree of limitations" and the affidavit was "clearly tailored to meet the statutory requirements" *(see, Lopez v Senatore,* 65 NY2d 1017; *Lincoln v Johnson,* 225 AD2d 593; *Giannakis v Paschilidou,* 212 AD2d 502; *Antoniou v Duff,* 204 AD2d 670). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.