■ ANN DELANEY, Respondent, v HENRY RAFFERTY et al., Appellants. [663 NYS2d 834] —In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Kohn, J.), entered July 6, 1996, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain serious injury as defined by Insurance Law § 5102 (d), and granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, the cross motion is denied as academic, and the complaint is dismissed.

The defendants made a prima facie showing that the plaintiff did not sustain serious injury, as defined by Insurance Law § 5102 (d), in the underlying accident (see, Gaddy v Eyler, 79 NY2d 955). The plaintiff's evidence failed to raise a triable question of fact on this issue. Without an objectively diagnosed injury, the plaintiff's subjective complaints of pain are insufficient to support a finding of serious injury (see, Lincoln v

*Johnson,* 225 AD2d 593; *Barrett v Howland,* 202 AD2d 383). The affirmation of the plaintiff's physician was also insufficient to establish the existence of serious injury because he failed to quantify any loss or limitation in the plaintiff's range of motion *(see, Wilkins v Cameron,* 214 AD2d 557, 558; *Stallone v County of Suffolk,* 209 AD2d 403; *Iglesias v Inland Freightways,* 209 AD2d 479, 480). Finally, the physician's conclusory statements that the plaintiff "has sustained a significant limitation of use of a body function or system and a permanent consequential limitation of use of a body organ or member" were clearly tailored to meet the statutory requirements *(see, Antorino v Mordes,* 202 AD2d 528).

In light of our determination, the plaintiff's cross motion for summary judgment on the issue of liability must be denied as academic. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.