■ MARY L. CURRY, Respondent, v ELIEZER P. VELEZ, Appellant. [663 NYS2d 63] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated July 11, 1996, which denied his motion for summary judgment dismissing the complaint based upon the plaintiff's failure to sustain a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

As a result of the subject accident, the plaintiff was incapacitated from her employment for a period of approximately four weeks from the date thereof, and did not thereafter miss any additional time from work because of it. Moreover, at her deposition, the plaintiff testified that the only way in which her activities were now restricted was that she could not lift heavy packages. We thus conclude that she has failed to raise a triable issue of fact (*see,* CPLR 3212 [b]) as to whether her injuries prevented her from performing substantially all of the material acts constituting her customary daily activities during at least 90 out of the first 180 days following the accident (*see, Letellier v Walker,* 222 AD2d 658; Insurance Law § 5102 [d]).

The plaintiff also failed to raise a triable issue of fact as to whether she suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]), as she failed to

provide objective evidence of the extent or degree of the alleged limitation (*see, Beckett v Conte*, 176 AD2d 774).

Lastly, since the plaintiff's alleged disability has not curtailed any of her routine activities or prevented her from continuing her employment, and her only current complaint is of backaches "[e]very now and then", we conclude that the plaintiff has also failed to raise a triable issue of fact as to whether she suffered a " 'permanent consequential limitation of use of a body organ or member' " (*McLiverty v Urban*, 131 AD2d 449, 450). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.