■ DELINDA RISBROOK, Respondent, v CORONAMOS CAB CORP. et al., Defendants, and AGHA R. NAIMI, Appellant. [664 NYS2d 75] —In an action to recover damages for personal injuries, the defendant Agha Naimi appeals from so much of an order of the Supreme Court, Kings County (Garson, J.), dated September 11, 1996, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured in 1991 when a vehicle she was driving was involved in a collision with vehicles owned by the defendant Coronamos Cab Corp. and the appellant, Agha R. Naimi, respectively. The defendants Coronamos Cab Corp. and Paul Pinto, and the appellant Naimi separately moved for summary judgment dismissing the complaint on the ground that the plaintiff did not suffer a serious injury as defined by Insurance Law § 5102 (d). The Supreme Court denied their motions and Naimi appealed.

The evidence presented by the defendants established prima facie that the plaintiff's injuries were not serious. A physician who examined the plaintiff for the defendants found no neurological abnormalities. An X-ray of the plaintiff's lumbosacral spine taken at a hospital on the day of the accident and a magnetic resonance imaging (MRI) diagnostic test taken approximately six months later were essentially normal. The burden then shifted to the plaintiff to come forward with sufficient evidence to demonstrate that she had, in fact, sustained a serious injury (*see, Gaddy v Eyler,* 79 NY2d 955). We conclude that the plaintiff met her burden.

The plaintiff submitted an affidavit from Dr. Jean Adrien, the physician who treated her consistently for about a month after the accident, and periodically for an unspecified time thereafter. The affidavit from Dr. Adrien incorporated the results of an examination conducted in 1996. Dr. Adrien stated that the 1991 accident caused injuries to the plaintiff's cervical and thoracolumbar spine, and that such injuries resulted in a substantial limitation of motion of her neck and back. He quantified this limitation of motion using objective findings, including a straight-leg-raising test result, which case law has consistently treated as objective evidence of serious injury (*see,*

*Kim v Cohen,* 208 AD2d 807). The examination also revealed a "measurable limitation" of movement of the lumbar spine (defined as flexion and extension at 45%). Dr. Adrien concluded that further improvement was doubtful in view of the length of time that had elapsed since the accident, and he characterized the plaintiff's injuries as a partial permanent disability. Such evidence was sufficient to raise a triable issue of fact as to whether the plaintiff suffered a serious injury *(see, Lopez v Senatore,* 65 NY2d 1017; *Khorami v Gizmo Cab Corp.,* 240 AD2d 470; *Grullon v Chang Ok Chu,* 240 AD2d 367; *Schwartz v New York City Hous. Auth.,* 229 AD2d 481). O'Brien, Friedmann, and Goldstein, JJ., concur.

Thompson, J., dissents and votes to reverse the order and grant the appellant's motion with the following memorandum, with which Rosenblatt, J. P., concurs. We disagree with the majority that the plaintiff has demonstrated the existence of a triable issue of fact with respect to her claim that she has sustained a serious injury within the meaning of Insurance Law § 5102 (d).

The record indicates that after informing the police officers who responded to the accident that she was not hurt, and driving herself home, the plaintiff sought treatment later that night at a local emergency room, where the X-rays taken revealed a normal impression. Two days after the accident, the plaintiff contacted her attorney, who recommended that she make an appointment with a Dr. Compas. After an initial visit, the plaintiff did not pursue treatment with Dr. Compas.

About a week after the accident, and again upon her attorney's recommendation, the plaintiff visited a second physician, a Dr. Jean Adrien. The plaintiff continued to see Dr. Adrien two to three times a week for about a month. Although the plaintiff returned to work as a registered nurse about five days after the accident, she claimed that her duties were modified to the extent that she no longer transferred or lifted patients without some sort of assistance.

In March 1992, Dr. Adrien referred the plaintiff to a radiologist for an MRI. The radiology report stated that the impression was "normal", with the following specific findings: "Normal AP diameter. No herniated nucleus pulposus is noted. No significant degenerative disc changes are noted". The defendant's physician examined the plaintiff and noted in his report that the "alleged injured areas of the plaintiff's body revealed no disability", and no abnormal findings. The report concluded that "[t]here is no objective evidence of any disability caused by the alleged accident". The Supreme Court denied the defen-

dant Naimi's motion for summary judgment without opinion. We would reverse.

The plaintiff has failed to meet her burden of establishing a prima facie case of serious injury as defined in Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955, 957; *Oswald v Ospina,* 187 AD2d 570, 571). A review of the relevant medical documentation reveals that even her own expert could not identify any objectively confirmable abnormality in the plaintiff's spine or other body system. Rather, the plaintiff's complaint, together with her physician's findings, was premised exclusively on the plaintiff's subjective statements of pain (*see, Baldasty v Cooper,* 238 AD2d 367).

Indeed, the tests performed which resulted in the purported limitations recounted by Dr. Adrien—including the leg-lifting test—were also based solely on the plaintiff's subjective responses. None of the diagnostic testing performed by Dr. Adrien or anyone else produced any objective or medically-verifiable proof of a serious injury (*see, Scheer v Koubek,* 70 NY2d 678; *Baldasty v Cooper, supra; Antorino v Mordes,* 202 AD2d 528; *Gabianelli v Gerardi,* 175 AD2d 468). To the contrary, the radiological testing performed—an X-ray and an MRI—both revealed completely normal impressions. Notably, we have held that "[w]ithout an objectively diagnosed injury, the plaintiff's subjective complaints of pain are insufficient to support a finding of serious injury" (*Delaney v Rafferty,* 241 AD2d 537), and "medical opinions clearly based upon such complaints, are insufficient to raise a triable issue of fact" (*Barrett v Howland,* 202 AD2d 383, 384; *Antorino v Mordes, supra*). Here, the plaintiff, who missed less than a week of work (*see, Oswald v Ospina, supra*), sustained, at most, a mild or slight injury, which should be classified as insignificant within the meaning of Insurance Law § 5102 (d) (*see, Licari v Elliot,* 57 NY2d 230, 236; *Gaddy v Eyler, supra*).

Since the injury sustained was not serious as that term is defined in Insurance Law § 5102 (d), the complaint should have been dismissed.