■ WILLIAM C. O'DOL, JR., et al., Respondents, v MARGARET C. MALLEY et al., Appellants. [667 NYS2d 274] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Schmidt, J.), dated December 3, 1996, which denied their motion for summary judgment dismissing the complaint based upon the failure of the plaintiffs William C. O'Dol, Jr., and Michelle Bernadette Wendy Small to sustain serious injuries as defined by Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the defendants' motion which were to dismiss the causes of action asserted by the plaintiffs William C. O'Dol, Jr., and Marilyn O'Dol, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the defendants.

The affirmed reports of Dr. Angelito Tan which the defendants submitted in support of their motion for summary judgment made out a prima facie case that the plaintiffs William C. O'Dol, Jr., and Michelle Bernadette Wendy Small had not sustained serious injuries as defined by Insurance Law § 5102 (d).

The only competent evidence which the plaintiffs submitted in opposition to the motion were affidavits from Dr. Victor Chehebar. Because the affidavit which he submitted in regard to the plaintiff William C. O'Dol, Jr., failed to causally relate his injuries to the accident, Mr. O'Dol has failed to overcome the defendants' prima facie showing (*see, Verrelli v Tronolone,* 230 AD2d 789).

However, the findings reported by Dr. Chehebar with regard to the straight-leg raising tests which Ms. Small underwent raised a triable issue of fact (*see,* CPLR 3212 [b]) as to whether she had sustained a "significant limitation of use of a body function or system" and thus as to whether she sustained a

"serious injury" (Insurance Law § 5102 [d]; *see, Kim v Cohen,* 208 AD2d 807). Mangano, P. J., Copertino, Joy and Florio, JJ., concur.