■ BARTHOLOMY JEANNOT et al., Respondents, v WILLIE LAWRENCE et al., Appellants. [667 NYS2d 66] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Hall, J.), entered March 5, 1997, which denied their motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs had sustained a serious injury as defined by Insurance Law § 5102 (d). The notice of appeal from a decision dated December 31, 1996, is deemed to be a premature notice of appeal from the order entered March 5, 1997 (CPLR 5520 [c]).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The instant action was commenced to recover damages for personal injuries allegedly sustained by the plaintiff Bartholomy Jeannot and the infant plaintiff Brenda Jean in a two-vehicle accident which occurred on November 27, 1992. The defendants moved for summary judgment dismissing the complaint on the ground that neither of the plaintiffs suffered a serious injury as defined by Insurance Law § 5102 (d). The Supreme Court denied the motion. We reverse.

The defendants established a prima facie case that neither injured plaintiff suffered a serious injury as defined by Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955). The Supreme Court incorrectly determined that the plaintiffs submitted sufficient evidence in opposition to the motion to raise a triable question of fact on that issue.

The affidavit of the treating chiropractor for the infant plaintiff Brenda Jean was insufficient to demonstrate that she sustained a "permanent consequential limitation of use of a body function or system" (Insurance Law § 5102 [d]), as he failed to quantify the restriction of motion which she allegedly suffered (*see, Fasulo v Lukach,* 239 AD2d 462; *Panisse v Jrs. Truck Rental,* 239 AD2d 397; *Lupo v Kam On Cheung,* 236 AD2d 594).

The plaintiff Bartholomy Jeannot failed to demonstrate that he suffered a serious injury. It is undisputed that within 90 days after the accident in question (hereinafter the first accident), Jeannot was involved in another motor vehicle accident (hereinafter the second accident), in which he also allegedly suffered serious injury. Dr. Jonathan Tepper, the chiropractor who treated Jeannot for injuries allegedly sustained in the second accident, did not treat him for injuries allegedly sustained in the first accident. Therefore, Dr. Tepper's affidavit was insufficient to establish that the injuries which Jeannot allegedly sustained in the first accident were causally related to his alleged inability to perform "substantially all of the material acts which constitute[d] [his] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]; *see, Khodadadian v Wolff,* 242 AD2d 681; *Cacaccio v Martin,* 235 AD2d 384; *Waaland v Weiss,* 228 AD2d 435; *Beckett v Conte,* 176 AD2d 774). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.