DANIEL McMILLION, Respondent, v RICHARD M. STEWART, Appellant, et al., Defendant. [671 NYS2d 338] —In an action to recover damages for personal injuries, the defendant Richard M. Stewart appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated April 10, 1997, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant.

The Supreme Court erred in denying the appellant's motion for summary judgment. The appellant demonstrated that the plaintiff had not sustained a serious injury as defined by Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955; *Baldasty v Cooper,* 238 AD2d 367; *Craft v Brantuk,* 195 AD2d 438; *Tatti v Cummings,* 193 AD2d 596), and the plaintiff's evidence in opposition to the motion failed to raise a triable question of

fact on that issue. The plaintiff's subjective complaints of pain were insufficient to demonstrate that he had suffered a serious injury (*see, Lincoln v Johnson,* 225 AD2d 593; *Barrett v Howland,* 202 AD2d 383; *LeBrun v Joyner,* 195 AD2d 502). Similarly, the affidavits and the affirmation of his medical experts failed to establish that the plaintiff suffered serious injury. The affidavit of Dr. Fritzner Bordeau, *inter alia,* did not identify any objective medical tests performed on the plaintiff (*see, Antoniou v Duff,* 204 AD2d 670; *Lincoln v Johnson, supra; Giannakis v Paschilidou,* 212 AD2d 502), and the affirmation of Dr. David Rabinovici contained only conclusory assertions tailored to meet the statutory language (*see, Lopez v Senatore,* 65 NY2d 1017, 1019; *Antorino v Mordes,* 202 AD2d 528). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.