■ ANTOINETTE CASTANO et al., Respondents, v SYNERGY GAS CORPORATION et al., Appellants. [672 NYS2d 417] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated May 6, 1997, which denied their motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court improperly denied the defendants' motion for summary judgment dismissing the complaint. The defendants established a prima facie case that the injured plaintiff did not sustain a serious injury (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957), thereby shifting the burden to the plaintiffs to raise a triable question of fact on that issue (*see, Licari v Elliot,* 57 NY2d 230, 235; *Lopez v Senatore,* 65 NY2d 1017). The plaintiffs failed to meet this burden.

The unsworn reports of the injured plaintiff's treating physician and chiropractor should not be considered, as they were

not submitted in admissible form (*see, Grasso v Angerami,* 79 NY2d 813, 814). Additionally, the respective affidavits submitted by these medical providers were insufficient to raise a triable issue of fact. Their statements of permanent injury were patently tailored to meet the statutory requirements (*see, Lopez v Senatore,* 65 NY2d 1017, 1019, *supra; Antorino v Mordes,* 202 AD2d 528), and their conclusions were based upon examinations performed in 1994, three years before the affidavits were prepared (*see, Schultz v Von Voight,* 216 AD2d 451, 452, *affd* 86 NY2d 865; *Beckett v Conte,* 176 AD2d 774; *Philpotts v Petrovic,* 160 AD2d 856, 857).

Finally, the plaintiff's subjective complaints of pain, without evidence of an objective underlying injury, were insufficient to establish a serious injury as defined by Insurance Law § 5102 (d) (*see, Scheer v Koubek,* 70 NY2d 678; *Iglesias v Inland Freightways,* 209 AD2d 479, 480). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.