■ VLADIMIR ZEYGER et al., Appellants, v MARK LITMAN, Respondent. [674 NYS2d 380] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Garry, J.), dated May 8, 1997, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the injured plaintiffs had not sustained serious injuries as defined by Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provisions thereof which granted those branches of the defendant's motion which were to dismiss the causes of action

asserted by the plaintiff Vladimir Zeyger and the derivative causes of action asserted by Margarita Zeyger as the wife of Vladimir Zeyger and substituting therefor provisions denying those branches of the defendant's motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Vladimir Zeyger met his burden of demonstrating the existence of factual issues with respect to whether he suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). The affidavit of Vladimir Zeyger's treating chiropractor, based upon a recent examination, presents objective quantified evidence of the extent or degree of limitation with respect to the use of his cervical and lumbar spines and that these injuries are permanent (*see, Steuer v DiDonna,* 233 AD2d 494; *Washington v Mercy Home For Children,* 232 AD2d 549).

However, the affidavits submitted by Inna Zeyger's experts failed to show that she sustained a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). Objective evidence of the extent or degree of the physical limitation in her cervical spine was based on a chiropractor's examination performed approximately five years earlier, and the chiropractor failed to further quantify those limitations at a more recent examination (*see, Sciuto v Vicari,* 210 AD2d 468; *Velez v Cohan,* 203 AD2d 156, 158; *Beckett v Conte,* 176 AD2d 774). Furthermore, evidence that Inna Zeyger had suffered from mild diffuse cerebral dysfunction and complained of headaches is a showing of no more than a "minor, mild or slight limitation of use * * * insignificant within the meaning of the statute" (*Licari v Elliott,* 57 NY2d 230, 236; *Coughlan v Donnelly,* 172 AD2d 480, 481).

In light of our determination to reinstate the causes of action asserted by the plaintiff Vladimir Zeyger we are also reinstating the derivative causes of action asserted by Margarita Zeyger as his wife. Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.