■ ROBERT Fox et al., Appellants, v VINCENT T. BELLO et al., Respondents. [678 NYS2d 780] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Price, J.), entered July 16, 1997, which, upon a jury verdict finding that the plaintiff Robert Fox had not suffered a serious injury as defined by Insurance Law § 5102 (d), is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The plaintiff Robert Fox, a sanitation worker, was hit by the defendants' car on March 28, 1990. He attempted to return to work on light duty towards the end of July 1990, however he was unable to work as of September 20, 1990 because of pain in his back and neck. Dr. Futterman, an orthopedic specialist, treated Fox from approximately eight days after the accident until January 1997. On October 29, 1990, Dr. Futterman administered a straight leg raising test which "rais[ed] positive at 60 degrees on the right side". He noted that Fox had limited motion in the neck and, upon x-raying his neck, he also noted a straightened instead of curved spine, indicating muscle spasms. Dr. Futterman determined that the injury was permanent and that the spasms were "intractable" when he noticed that the condition became progressively worse. Both the plaintiffs described how Robert Fox was unable to work or perform any of his ordinary daily activities, including personal hygiene, without assistance.

Accordingly, the plaintiffs presented a prima facie case that the plaintiff Robert Fox suffered a serious injury as defined by

Insurance Law § 5102 (d) (*see, O'Dol v Malley,* 245 AD2d 436; *Risbrook v Coronamos Cab Corp.,* 244 AD2d 397; *Kim v Cohen,* 208 AD2d 807). We find that the trial court erred in failing to allow the jury to consider the alternate definitions of "serious injury" contained in Insurance Law § 5102 (d) after they determined that the injured plaintiff had not suffered a "medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury" (Insurance Law § 5102 [d]). Bracken, J. P., Miller, O'Brien and Santucci, JJ., concur.