■ Eric R. Hores, Respondent, v Lisa H. Guralnick et al., Appellants. [679 NYS2d 647] —In an action to recover damages

for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Driscoll, J.), entered July 10, 1997, which granted the plaintiff's motion to vacate an order of the same court dated May 14, 1997, granting their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) upon the plaintiff's default in answering the motion, and upon vacating the order dated May 14, 1997, denied their motion.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, the order dated May 14, 1997, is reinstated, and the complaint is dismissed.

The defendants made out a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Thus, it was incumbent upon the plaintiff to come forward with sufficient evidence to raise an issue of fact as to whether he had sustained such an injury (*see, Gaddy v Eyler,* 79 NY2d 955). In his motion to vacate the order entered upon his default in opposing the defendants' motion for summary judgment, the plaintiff submitted the affidavit of his chiropractor indicating only that he sustained an unquantified decrease in cervical and lumbar range of motion. That was insufficient to create an issue of fact (*see, Panisse v Jrs. Truck Rental,* 239 AD2d 397; *Wilkins v Cameron,* 214 AD2d 557; *Stallone v County of Suffolk,* 209 AD2d 403; *Iglesias v Inland Freightways,* 209 AD2d 479). Thus, the court erred in vacating the default and denying the defendants' motion for summary judgment dismissing the complaint. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.