■ GELINA MOMBELEUR et al., Respondents, v PABLO SALAZAR, Appellant. [683 NYS2d 869] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated July 17, 1998, which denied his motion for summary judgment dismissing the complaint based upon the failure of the plaintiff Gelina Mombeleur to sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The record presents a triable issue of fact (see, CPLR 3212 [b]) as to whether the plaintiff Gelina Mombeleur sustained a serious injury within the meaning of Insurance Law § 5102 (d). Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.

■ JEANETTE NEGRON et al., Respondents, v THOMAS MC-MAHON et al., Appellants. [682 NYS2d 903] —In an action, *inter alia*, to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated October 16, 1997, which denied their motion, in effect, for partial summary judgment dismissing the first and second causes of action asserted in the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the first and second causes of action asserted in the complaint are dismissed.

The defendants made a prima facie showing that the injured plaintiff did not sustain a serious injury in the underlying collision, thereby shifting the burden to the plaintiffs to raise a triable issue of fact (see, Gaddy v Eyler, 79 NY2d 955, 956-957). The evidence submitted in opposition to the motion was insufficient to raise a triable issue of fact as to whether the injured plaintiff suffered a serious injury (see, Merisca v Alford, 243 AD2d 613; Delaney v Rafferty, 241 AD2d 537). Miller, J. P., Thompson, McGinity and Luciano, JJ., concur.