■ MARILYN CARROLL et al., Respondents, v EMILY JENNINGS et al., Appellants. [694 NYS2d 458] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Lonschein, J.), dated September 8, 1998, which denied their motion for summary judgment dismissing the complaint on the ground that none of the three plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed in its entirety.

The three plaintiffs commenced the instant action to recover damages for personal injuries which each allegedly sustained in a two-vehicle collision. The defendants moved for summary judgment dismissing the complaint on the ground that none of

the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court denied the motion. We reverse.

The defendants submitted sufficient evidence in support of their motion to establish, as a matter of law, that none of the plaintiffs sustained a serious injury (*see, Gaddy v Eyler,* 79 NY2d 955). Thus, the burden shifted to plaintiffs to come forward with sufficient evidence to raise a triable issue of fact that they each sustained a serious injury (*see, Gaddy v Eyler, supra,* at 957; *Licari v Elliott,* 57 NY2d 230, 235; *Lopez v Senatore,* 65 NY2d 1017).

The plaintiffs' evidence was insufficient for this purpose. In opposition to the motion, each plaintiff submitted an affidavit by Dr. David Levine, their treating chiropractor. Although he indicated that each plaintiff demonstrated positive findings on straight leg-raising tests, which this Court has indicated can be objective evidence of serious injury (*see, Kim v Cohen,* 208 AD2d 807; *Risbrook v Coronamos Cab Corp.,* 244 AD2d 397), Dr. Levine failed to explain the significance of these test results and relate them to the plaintiffs' injuries. In addition, neither Dr. Levine nor the plaintiffs offered any explanation for the almost four-year gap between the time that he stopped treating them in August 1994 and his examination of them in July 1998 in response to the defendants' summary judgment motion (*see, Stowe v Simmons,* 253 AD2d 422; *Rum v Pam Transp.,* 250 AD2d 751; *Williams v Ciaramella,* 250 AD2d 763). Moreover, Dr. Levine's conclusory statements simply mirrored the statutory language, and were insufficient to defeat the defendants' prima facie showing (*see, Lopez v Senatore,* 65 NY2d 1017, 1019, *supra; Antorino v Mordes,* 202 AD2d 528).

Finally, without an objectively-diagnosed injury, the plaintiffs' subjective complaints of pain are insufficient to support a finding of serious injury (*see, Lincoln v Johnson,* 225 AD2d 593; *Barrett v Howland,* 202 AD2d 383). S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.