■ Luz D. Calderon, Respondent, et al., Plaintiff, v Thomas Elsenreich, Appellant. [704 NYS2d 622] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated April 8, 1999, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Luz Dary Calderon on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Luz Dary Calderon is granted, and the complaint is dismissed insofar as asserted by the plaintiff Luz Dary Calderon.

The Supreme Court improperly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Luz Dary Calderon. The defendant established a prima facie case that Calderon did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955), thereby shifting the burden to her to raise a triable question of fact on that issue (*see, Licari v Elliott,* 57 NY2d 230; *Lopez v Senatore,* 65 NY2d 1017). Calderon failed to meet this burden.

The affidavit of Calderon's examining chiropractor, dated almost three years after the accident, indicated that she suffered from a limitation of range of motion in her lumbar spine which was causally related to the instant accident. However, the affidavit failed to describe how the injury could be causally related to the accident when an examination by the same chiropractor, conducted just a few weeks after the accident, failed to reveal any range of motion limitations in the plaintiff's lumbar spine. The affidavit consisted of nothing more than " 'conclusory assertions tailored to meet statutory requirements' " (*Medina v Zalmen Reis & Assocs.,* 239 AD2d 394, 395, quoting *Lopez v Senatore,* 65 NY2d 1017, *supra; Castano v Synergy Gas Corp.,* 250 AD2d 640; *Antorino v Mordes,* 202 AD2d 528). Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the complaint

insofar as asserted by Calderon should have been granted. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.