■ PASCUAL VILLALTA, Respondent, v GILDA SCHECHTER, Appellant. [710 NYS2d 87] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered December 17, 1998, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant met her initial burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) by submitting affirmed reports of a neurologist and an orthopedic surgeon which indicated that the plaintiff did not suffer any serious injury as a result of the subject accident. Specifically, the doctors stated that the objective tests performed during their examination of the plaintiff revealed that he had a "normal range of motion."

In opposition, the plaintiff failed to submit sufficient evidence to raise a triable issue of fact with regard to whether he sustained a serious injury as a result of the accident. The sworn report of the plaintiff's treating chiropractor failed to explain the objective tests which were performed to support his conclusion that the plaintiff suffered restricted range of motion (see, Grossman v Wright, 268 AD2d 79). Instead, the chiropractor's conclusions appear to be based upon the plaintiff's subjective complaints of pain, which are insufficient to defeat the motion (see, Delaney v Rafferty, 241 AD2d 537; Lincoln v Johnson, 225 AD2d 593). Although the plaintiff's chiropractor indicated that the plaintiff suffered from a bulging disc, he never stated, contrary to the dissent's conclusion, that this condition was causally related to the accident (see, Lalli v Tamasi, 266 AD2d 266; Verrelli v Tronolone, 230 AD2d 789). Additionally, neither the plaintiff nor his chiropractor sufficiently explained the almost four-year gap between the plaintiff's last treatment and his most recent examination (see, Dimenshteyn v Caruso, 262 AD2d 348). Finally, the plaintiff failed to present sufficient evidence to establish that he was prevented from performing substantially all of his usual activities for at least 90 of the 180 days following the accident (see, Curry v Velez, 243 AD2d 442).

Accordingly, the Supreme Court erred in denying the defendant's motion for summary judgment. O'Brien, J. P., Sullivan and Feuerstein, JJ., concur.

Goldstein, J., dissents and votes to affirm the order appealed from, with the following memorandum in which Luciano, J., concurs.

Goldstein, J. (dissenting). The defendant moved for summary judgment based upon the affirmed reports of her expert-doctors stating that the plaintiff suffered no permanent injury, and the unsworn report of a magnetic resonance imaging (hereinafter MRI) examination, diagnosing a "posterior bulging of the L4-5 disc annulus without impingement on the L5 nerve roots," and a "reversal of the normal cervical lordosis from C2 -

C6." Dr. Alexander Rimalovski determined that the findings in the MRI reports were "not causally related to the accident." Dr. Frank M. Hudak merely recited the MRI findings without further explanation, and noted that the "[r]eport from Dr. Charles dated 10/21/94 indicates the claimant was examined and had electrodiagnostic studies consistent with bilateral carpal tunnel syndrome and cervical lumbosacral spine derangement." Nevertheless, Dr. Hudak concluded that the plaintiff's "subjective complaints" were unsupported by "objective findings."

In view of the conflicting and conclusory statements in the defendant's submissions, the defendant failed to establish her entitlement to judgment as a matter of law (*see, Lopez v Senatore,* 65 NY2d 1017).

In any event, the plaintiff, in opposition, established the existence of a triable issue of fact. He submitted sworn reports of Dr. Richard Lee, a licensed chiropractor, stating that the bulging discs were caused by the accident and resulted in residual low-grade inflamation to the nerve roots.

Dr. Lee stated that the plaintiff suffered "[r]estricted range of motion * * * in the cervical and lumbar regions by approximately 25%" based upon specified objective tests performed during an examination which occurred four years after the accident (*cf., Grossman v Wright,* 268 AD2d 79). He further noted that the plaintiff ceased medical treatment for his injury four months after the accident because reimbursement for treatment was denied by the no-fault insurance carrier. According to Dr. Lee, "based on the history presented by the patient" and his examination of the plaintiff, the plaintiff's "injuries were sustained in the accident of September 4, 1994."

The Supreme Court, Nassau County, found that "the sworn statement of Dr. Lee indicates a bulging disc at L4-L5 which is a permanent injury and will continue to impair the plaintiff in the future."

It is well-settled that a licensed chiropractor is qualified to render an opinion as to the cause and extent of a plaintiff's injuries (*see, Zeyger v Litman,* 250 AD2d 841; *Sobha v Anthos Coat Co.,* 243 AD2d 704). The quantification of loss of range of motion based upon objective tests is generally sufficient to defeat a motion for summary judgment (*cf., Curry v Velez,* 243 AD2d 442; *Lincoln v Johnson,* 225 AD2d 593; *Friedman v U-Haul Truck Rental,* 216 AD2d 266; *Baker v Zelem,* 202 AD2d 617, 618). Further, the unsworn MRI reports were submitted by the defendant on her motion for summary judgment, and were referred to by the defendant's doctors. Accordingly, these

MRI reports were properly before the court (*see, Raso v Statewide Auto Auction,* 262 AD2d 387; *Pietrocola v Battibulli,* 238 AD2d 864). The issue of whether the impairment referred to in those MRI reports was caused by the accident was a question of fact. The gap in medical treatment was adequately explained by the refusal of the no-fault insurance carrier to reimburse the plaintiff for further treatment.

In view of the foregoing, the defendant's motion for summary judgment was properly denied.