■ MICHAEL PALIVODA, Appellant, v STANLEY A. SLUBERSKI et al., Respondents. [713 NYS2d 378] —Judgment and order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motions of Merry L. Butler, a/k/a Merry L. Hedges, and Danella Rental Systems, Inc. (defendants) for summary judgment dismissing the complaint against them. Defendants submitted evidence in admissible form establishing as a matter of law that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In response, plaintiff failed to raise a triable issue of fact. There is no objective medical basis for the opinions of plaintiff's

experts that the injury shown in a May 1998 MRI is causally related to the March 1992 accident (*see, Calderon v Elsenreich,* 270 AD2d 380; *Dimenshteyn v Caruso,* 262 AD2d 348; *Vitale v Carson,* 258 AD2d 647). Those opinions are dependent solely upon plaintiff's representations of continuing pain and related problems since terminating treatment in April 1992 (*see, McKnight v LaValle,* 147 AD2d 902, 903, *lv denied* 74 NY2d 605). As of that date, plaintiff's attending physician reported that plaintiff "had full range of motion and complained of no pain." Plaintiff was X-rayed on March 2, 1992, the day of the accident, and in December 1992 and March 1993, and he had an MRI in June 1993. None of those diagnostic tests showed an acute posttraumatic injury. They revealed only the existence of a preexisting degenerative arthritic condition of the cervical spine. Although a July 1993 EMG and nerve conduction studies showed "mild C 7 radiculopathy," plaintiff failed to submit evidence in admissible form establishing a causal relationship between the accident and that injury. (Appeal from Judgment and Order of Supreme Court, Erie County, Fahey, J.—Summary Judgment.) Present—Green, J. P., Hayes, Wisner, Scudder and Lawton, JJ.