■ MICHAEL J. ARCABASCIO et al., Respondents, v FREDDY SALGADO et al., Appellants. [726 NYS2d 446] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Golar, J.), dated September 11, 2000, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Michael J. Arcabascio did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants established a prima facie case that the

plaintiff Michael J. Arcabascio did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955). In opposition, the plaintiffs submitted, *inter alia,* the affirmed medical report of Arcabascio's examining physician which indicated that he suffered from carpal tunnel syndrome in his left hand but that he had a full range of motion in his left wrist and left fingers. There was no evidence that the alleged carpal tunnel syndrome, detected by this physician on April 17, 2000, was caused by the subject accident, which took place on July 8, 1997. The plaintiffs failed to demonstrate a permanent consequential limitation of use of the injured plaintiff's left wrist or hand (*see, O'Reilly v Nelson,* 261 AD2d 372; *Jeannot v Lawrence,* 245 AD2d 547; *Fasulo v Lukach,* 239 AD2d 462; *Panisse v Jrs. Truck Rental,* 239 AD2d 397).

Furthermore, the plaintiffs failed to demonstrate that the injured plaintiff had sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Licari v Elliott,* 57 NY2d 230; *Delpilar v Browne,* 282 AD2d 647; *Greene v Miranda,* 272 AD2d 441; *Cullum v Washington,* 227 AD2d 370).

Therefore, the motion for summary judgment should have been granted. O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.