■ NAZIFA OMAR, Respondent, v LEONA M. GOODMAN et al., Appellants. [743 NYS2d 568] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated July 9, 2001, as denied that branch of their motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted, and the complaint is dismissed.

The defendants met their initial burden of establishing as a

matter of law that the plaintiff did not sustain a permanent injury or a significant limitation of use of a body function or system (see Gaddy v Eyler, 79 NY2d 955; Licari v Elliott, 57 NY2d 230, 236). The plaintiff did not dispute the defendants' contention that she did not sustain a permanent injury or a significant limitation of use of a body function or system.

At issue here is whether the plaintiff, as a result of the accident which occurred on November 23, 1998, sustained a medically determined injury which prevented her from performing substantially all the material acts which constitute her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (see Insurance Law § 5102 [d]).

In support of their motion for summary judgment, the defendants submitted the plaintiff's deposition testimony wherein she acknowledged that at the time of the accident she did not hold regular employment and worked at temporary jobs for two temporary employment agencies. She admitted that in December 1998, she worked for "two or three weeks" at a temporary job. Between December 1998 and July 1999 she worked at yet another job for three days to a week.

The plaintiff acknowledged that she was involved in a prior accident on November 16, 1997, but claimed that she was not injured in that accident and sought no treatment. However, the defendants submitted copies of medical reports from the plaintiff's treating physician stating that she suffered injuries to her head, neck, and lower back in the 1997 accident, sought treatment for those injuries and was still being treated for those injuries in April 1999. These submissions indicate that the plaintiff did in fact sustain injuries in the 1997 accident which were similar to the injuries she claimed to have sustained in the accident in issue. In view of the foregoing the defendants established their entitlement to judgment as a matter of law on the issue of serious injury.

In opposition to the defendants' motion, the plaintiff asserted that in the six months following the November 1998 accident she was forced to "curtail" her social activities, was unable to carry packages, and was unable to seek permanent employment. Curtailment of recreational and household activities and an inability to lift heavy packages is insufficient (see Lauretta v County of Suffolk, 273 AD2d 204; Curry v Velez, 243 AD2d 442). Permanent employment did not constitute one of her usual and customary daily activities at the time of the accident (see Lumpkins v Kendrick, 277 AD2d 1046).

Further, the plaintiff made no effort to explain the defen-

dants' evidence that her injuries were attributable to the 1997 accident. The exhibits annexed to her papers include a copy of a medical report from her treating physician attributing her injuries to that accident.

In view of the foregoing, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Ritter, J.P., Florio, Goldstein and Cozier, JJ., concur.