■ JOHN ZAMBOTTI, Respondent, v CHARLES READING, Defendant, and BLACK & DECKER (U.S.), INC., et al., Appellants.— Order unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff brought this action for personal injuries, alleging in his complaint that a circular saw manufactured by defendant Black & Decker and sold by defendant Weiss Hardware "kicked back" and cut off the tip of his thumb.

In support of their motion for summary judgment, defendants submitted the affidavit of an expert in electrical engineering employed by defendant Black & Decker, who swore that he had performed a detailed examination of the circular saw used by plaintiff. He stated that his examination and testing of the saw and blade showed them to function normally and revealed no evidence of any design defect, manufacturing defect, or other malfunction or defect; that the blade guard rotated freely without any restriction of movement and, when released from the fully retracted position, the guard closed quickly with no hesitation or interference; that the saw ran smoothly at the acceptable rate of 5,100 RPM; and that the saw that he inspected was manufactured according to the accepted industry standards at the time of manufacture. He attached to his affidavit a copy of the industry standards.

In opposition to the motion, plaintiff submitted an affidavit stating that he was using the saw as intended and that the saw kicked back and injured him.

Supreme Court denied defendants' motion for summary judgment stating that the affidavit submitted by defendants was "merely a self-serving document prepared by an employee of the defendant [Black & Decker]" and that plaintiff created

a question of fact by stating in his affidavit that he was operating the saw according to instructions when the accident occurred.

Every affidavit submitted by a party is self-serving in the sense that it is submitted to serve the interests of that party. Moreover, the fact that the affiant is an employee of the party who submits the affidavit does not affect its admissibility on a motion for summary judgment. The affidavit of defendants' expert in support of the motion was sufficient to show that there was no defect in the circular saw used by plaintiff and that it was designed in compliance with the accepted standards.

To succeed in a product liability action, plaintiff must prove that the product is defective. The affidavit submitted by defendants was sufficient to show that the product was not defective. To create a question of fact to defeat the motion for summary judgment, plaintiff was required to submit evidence in admissible form that the product was defective. Plaintiff's evidence in opposition to the motion did not meet that requirement. This is not a case where a defect can be inferred from the occurrence of the accident (see, Codling v Paglia, 32 NY2d 330, 337). The fact that plaintiff was using the product as intended and was injured does not raise the inference that the product was defective. Power saws do kick back and evidence other than the kickback is needed to prove a defect (see, Thompson v Tuggle, 486 So 2d 144, 150 [La], cert denied 489 So 2d 919; see further, 9 American Law of Products Liability 3d §§ 112:195-112:196; Annotation, Products Liability: Mechanical or Chain Saw or Components Thereof, 22 ALR4th 206). (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—summary judgment.) Present—Doerr, J. P., Boomer, Green, Pine and Lowery, JJ.