■ SHARON ROBINSON, Respondent, v BARRIE BURLINGAME, Appellant.—Levine, J. Appeal from an order of the Supreme Court (McDermott, J.), entered May 24, 1991 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Defendant owns and resides in a two-family home located in the City of Albany. At all times relevant herein, defendant lived in the first-floor apartment and leased the second-floor apartment to John Dickson. In early October 1988, plaintiff was visiting Dickson when an argument between the two apparently arose at the front entrance to the apartment. After plaintiff refused to leave, Dickson started to close the front door. In an attempt to stop the door from closing, plaintiff stuck her hand out, missed the six-inch wide wooden frame of the door and pushed her hand through one of the door's six glass panels, causing it to shatter.

Plaintiff subsequently commenced the instant action alleging that "[d]efendant was negligent in the installatio[n], maintenance and repair of the * * * entry door" and seeking damages for the injuries sustained by her. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal followed.

There should be a reversal. In support of defendant's summary judgment motion she submitted, *inter alia,* the examination before trial testimony of Dickson, who stated that during the three years he lived in the apartment he had never observed any problem with or defect in the door. Dickson also testified that the glass panels in the door had not been broken prior to the incident. Defendant averred in her supporting affidavit that the door was solid, that there were no defects in either the wood frame of the door or the glass panels, and that prior to the incident the front door was entirely intact. In our view, the foregoing proof established the absence of any defect in the door which resulted in plaintiff's injuries. In opposition, plaintiff failed to come forward with any evidentiary proof in admissible form sufficient to create a question of fact regarding the condition of the door or defendant's installation, maintenance or repair thereof *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiff submitted her own

affidavit, which stated only that Dickson used no unusual amount of force in closing the door, and an affidavit from her attorney, which merely repeated the bare, unsupported allegations contained in the complaint. These submissions were clearly not adequate to satisfy plaintiff's burden *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 327). Accordingly, defendant was entitled to summary judgment dismissing the complaint.

Mahoney, P. J., Weiss, Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.