■ EAST PATCHOGUE CONTRACTING COMPANY, Respondent-Appellant, v MAGESTY SECURITIES CORPORATION et al., Appellants-Respondents. (Action No. 1.) MAGESTY SECURITIES CORPORATION, Plaintiff, v EAST PATCHOGUE CONTRACTING COMPANY, Defendant. (Action No. 2.)—In two related actions, *inter alia,* for foreclosure of a mechanic's lien (Action No. 1) and to recover damages for breach of contract (Action No. 2), Magesty Securities Corporation, Marshall Crowley, Miles A. Galin, and Richard Wertis appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Luciano, J.), dated April 6, 1990, as granted the motion of East Patchogue Contracting Company to serve an amended complaint and to add Marshall Crowley, Miles A. Galin, and Richard Wertis as defendants in Action No. 1, and East Patchogue Contracting Company cross-appeals from so much of the same order as denied its motion for leave to amend its notice of mechanic's lien and granted the cross motion of Magesty Securities Corporation to cancel the lien.

Ordered that the appeal by Magesty Securities Corporation is dismissed, without costs or disbursements, as it is not aggrieved by the order *(see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by Marshall Crowley, Miles A. Galin, and Richard Wertis, without costs or disbursements; and it is further,

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements.

The appellants contend that the court should have denied the motion of East Patchogue Contracting Corporation (here-

inafter Patchogue) to amend its complaint based on Patchogue's failure to submit an affidavit explaining why the amendment should be permitted.

We disagree. It is well-settled that courts are given the widest possible latitude in granting leave to amend pleadings pursuant to CPLR 3025 (b) (see, Murray v City of New York, 43 NY2d 400). In this case there is no claim that the appellants would be prejudiced by the granting of the motion and the application did not come on the eve of trial (see, Murray v City of New York, supra; cf., Bertan v Richmond Mem. Hosp. & Health Center, 106 AD2d 362).

There is also no merit to the appellants' allegations that the amended first and third causes of action improperly failed to state causes of actions against them based on the fact that Patchogue entered into the subject contract only with Magesty Securities Corporation (hereinafter Magesty). Based on the submissions alone, the Supreme Court could not have determined whether the appellants, who appear to have been agents of Magesty, acted outside of their authority and thus were liable to the plaintiff (see, Riverside Research Inst. v KMGA, Inc., 68 NY2d 689). Finally, contrary to the appellants' contention, the fourth and fifth causes of action pleaded in the amended complaint were not insufficient as a matter of law. The amended complaint properly alleged that the appellants had a present intent not to carry out the promises of future payment (see, Lanzi v Brooks, 43 NY2d 778). Thompson, J. P., Rosenblatt, Miller and Copertino, JJ., concur.