■ DARNLEY E. MARSHALL, Appellant, v ANTHONY ALBANO, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated May 24, 1990, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

We agree with the defendant's contention that the plaintiff failed to establish a prima facie case that he sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). The affidavit of the plaintiff's treating physician, dated over two years after the accident, indicates that the plaintiff suffered a 10% limitation in the range of motion of his neck as a result of injuries sustained in the instant automobile accident. However, we find the physician's affidavit to be insufficient to establish that the plaintiff suffered a serious injury because it consisted of merely "conclusory assertions tailored to meet statutory requirements" (Lopez v Senatore, 65 NY2d 1017, 1019; Waldman v Dong Kook Chang, 175 AD2d 204). The affidavit does not provide any information concerning the nature of the plaintiff's medical treatment or any explanation for the 16-month-lag between the plaintiff's medical treatment in 1988 and his subsequent visit to the treating physician in February 1990. The plaintiff's affidavit consists of merely conclusory self-serving allegations which are also insufficient to establish that he suffered a serious injury within the meaning of Insurance Law § 5102 (d). The balance of the evidence, including the plaintiff's own deposition testimony and medical reports fail to show that the plaintiff suffered a 10% limitation of motion of his neck. Moreover, we note that the medical affidavit of the treating physician is contrary to one of the medical reports, dated nine months after the accident, which was exchanged by the plaintiff.

We conclude that the plaintiff failed to establish by competent medical proof a "permanent consequential limitation of use of a body organ or member", or a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; see, Licari v Elliott, 57 NY2d 230; Palmer v Amaker, 141 AD2d 622). Accordingly, the motion for summary judgment was properly granted. Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.