■ ARTHUR JONES, Plaintiff, v SUMO CONTAINER STATION, INC., Defendant, and Second Third-Party Plaintiff-Appellant, et al., Defendants. BROOKLYN UNION GAS COMPANY, Second Third-Party Defendant-Respondent. (And Other Titles.)—In a negligence action to recover damages for personal injuries, the second third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), dated September 27, 1990, as granted the second third-party defendant's motion for summary judgment dismissing the second third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Arthur Jones was injured in an explosion that occurred while he was welding a manhole cover at premises owned by the defendant Sumo Container Station, Inc. (hereinafter Sumo). The plaintiff asserted that the explosion occurred because Sumo failed to warn him that the manhole contained combustible material. Sumo brought a third-party action against Brooklyn Union Gas Company (hereinafter the Gas Company), alleging that the explosion was due to the Gas Company's failure to properly maintain the gas lines located at Sumo's premises. The Gas Company moved for summary judgment dismissing the second third-party complaint and its motion was granted. Sumo argues that the court improperly granted summary judgment in the Gas Company's favor. We disagree.

The Gas Company met its burden of establishing its entitlement to summary judgment. Sumo, moreover, totally failed to present any proper evidence to oppose the motion. Its unsubstantiated and conclusory assertions that the explosion was due to the Gas Company's negligence are speculative and cannot defeat the Gas Company's motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Accordingly, the Supreme Court properly held that the Gas Company was entitled to summary judgment dismissing the second third-party complaint. Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.