■ JOHN M. RUTI, Appellant, v CHESTON D. KNAPP et al., Respondents. [598 NYS2d 50] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals,

as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered April 2, 1991, as granted those branches of the defendants' motion which were to dismiss the complaint as against the individual defendant, and to stay the action against the corporate defendant pending the results of arbitration.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not err in permitting the corporate defendant, a foreign corporation doing business in this State without authority, to move to compel arbitration. Business Corporation Law § 1312 provides that the failure to obtain authority to do business in this State does not impair the validity of a contract. There is no claim by the plaintiff that an invalid contract was entered into. Further, it was the plaintiff who instituted this action. By moving to compel arbitration, the corporate defendant was exercising its right to defend against the action. Indeed, Business Corporation Law § 1312 specifically states that an unauthorized foreign corporation is not precluded from defending any action or special proceeding in this State.

The Supreme Court did not err in dismissing the complaint against the individual defendant. The contract in question was entered into between the plaintiff and the corporate defendant. Further, the plaintiff concedes that the individual defendant signed the contract as president on behalf of the corporate defendant (see, Business Corporation Law § 715; *Sussman v Goldberg,* 215 NYS2d 650; *Rothschild v World-Wide Autos. Corp.,* 24 AD2d 861, *affd* 18 NY2d 982). Nor are there any allegations by the plaintiff that the individual defendant exceeded the scope of his authority in acting on behalf of the corporate defendant, that the individual defendant was not acting on behalf of the corporate defendant, or that the individual defendant committed a separate tort from that of the corporation (see, *East Patchogue Contr. Co. v Magesty Sec. Corp.,* 181 AD2d 714; *Sussman v Goldberg, supra; Rothschild v World-Wide Autos. Corp., supra*). The plaintiff does not allege or demonstrate any reason to disregard the corporate entity or the rule of shareholder immunity (see, *Waldman v Englishtown Sportswear,* 92 AD2d 833; *A. A. Sutain, Ltd. v Montgomery Ward & Co.,* 22 AD2d 607, *affd* 17 NY2d 776). Since the plaintiff failed to allege a basis for which to hold the individual defendant personally liable, the trial court properly dismissed the complaint against him (see, CPLR 3211).

We have examined the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Eiber, Ritter and Joy, JJ., concur.