OPINION OF THE COURT
Edward H. Lehner, J.
The issues posed by petitioner’s application to stay arbitration are: (i) whether respondent is barred from demanding arbitration by reason of the fact that it is a foreign corporation doing business in this State without having been authorized to do so, and (ii) whether the arbitration is barred because respondent heretofore instituted an action against petitioner which was discontinued with prejudice.
Business Corporation Law § 1312 (a) prohibits a foreign corporation doing business in this State without authority from maintaining "any action or special proceeding” in this State until it has obtained such authority, but provides that the lack of authority "shall not prevent the foreign corporation from defending any action or special proceeding” (Business Corporation Law § 1312 [b]).
Because the predecessor statute (General Corporation Law § 218, which was repealed upon adoption of the Business Corporation Law in 1961) applied only to actions, while the former Civil Practice Act (§ 1459) provided that an "[arbitration of a controversy under a contract * * * shall be deemed a special proceeding”, some cases held that a demand to arbitrate would therefore not be covered by the prohibition of former section 218 (Avalon Fabrics v Raymill Fabric Corp., 96 NYS2d 50 [Sup Ct, NY County 1950]; Matter of Terminal Auxiliar Maritima [Cocotos S. S. Co.], 11 Misc 2d 697 [Sup Ct, NY County 1957]; Matter of General Knitting Mills v Rudd, Plastic Fabrics Corp., 212 NYS2d 783 [Sup Ct, Kings County 1961]).
However, the resolution of the issue under these repealed statutes was unclear because of seemingly conflicting appellate action in cases where no opinions were issued. In Application of Levys (73 NYS2d 801 [Sup Ct, NY County 1947], affd *229 without opn 276 App Div 953 [1st Dept 1950], lv denied 276 App Div 1081) (relied upon by petitioner), the lower court granted a stay of arbitration demanded by an unauthorized foreign corporation based on the bar of former section 218. In doing so it relied upon Matter of Vanguard Films (Samuel Goldwyn Prods.) (188 Misc 796 [Sup Ct, NY County 1947]), that had construed former Civil Practice Act § 1450 (which provided that the making of a contract for arbitration in New York constituted a consent of the parties to the jurisdiction of this court) as leaving arbitration proceedings within the bar of former section 218. In contrast, while the lower court in Tugee Laces v Mary Muffet, Inc. (73 NYS2d 803 [Sup Ct, NY County 1947]) followed the Special Term rulings in the Levys and Vanguard Films cases and held that the underlying policy of former section 218 prevents "the institution of an arbitration proceeding as well as an action”, the decision was reversed without opinion at 273 App Div 756 (1st Dept 1947), which reversal was affirmed without opinion by the Court of Appeals (297 NY 914).
While an affirmance without opinion indicates only concurrence with the result reached by the lower court and not for the reasons stated (Tepper v Tannenbaum, 65 AD2d 359 [1st Dept 1978]) and thus has limited precedential value, the unusual occurrence of a reversal without opinion provides absolutely no guidance as to the reasoning of the appellate court.
The adoption of the CPLR changed prior law so that arbitration is no longer considered a judicial proceeding until the making of an application with respect thereto, whether by institution of a special proceeding under article 75 or by motion in a pending action (8 Weinstein-Korn-Miller, NY Civ Prac ]f 7502.04; Spinello v Spinello, 70 Misc 2d 521 [Sup Ct, Nassau County 1972]).
In light of such change I find that Business Corporation Law § 1312 only applies to a proceeding pending in a court (whether instituted by action or special proceeding), and thus the out-of-court institution of arbitration does not fall within the bar of said section. However, any proceeding to enforce the arbitration would constitute the commencement of a special proceeding which could not be successfully prosecuted by a nonauthorized foreign corporation unless it first obtained such authority. But, should such a corporation prevail in an arbitration, it could then pay taxes for the periods it did business here without authority, procure the requisite author *230 ity to do business, and then move for confirmation. This contrasts with the law under former section 218 of the General Corporation Law which barred an action by a foreign corporation on a contract made here unless it was qualified to do business in the State prior to the making of the contract.
I found no case discussing this issue decided subsequent to the adoption of the CPLR until the recent decision of the Second Department in Ruti v Knapp (193 AD2d 662 [2d Dept 1993]). There, a nonqualified corporation being sued in a plenary action was permitted to move to compel arbitration, the Court concluding that by "moving to compel arbitration, the corporate defendant was exercising its right to defend against the action” (at 663), which right is specifically set forth in paragraph (b) of section 1312.
I conclude that since the respondent here in opposing the application to stay arbitration has not commenced an "action or special proceeding”, it may, although not being sued and thus not asserting a defense to a plenary action (as was the foreign corporation in Ruti v Knapp, supra), serve a demand for arbitration without having previously qualified to do business here. The same result would ensue if respondent were sued and, as in the Ruti case, defended by asserting that a contract required that the claim be arbitrated.
It has been repeatedly held that the question of whether an arbitration is barred by the doctrine of res judicata or collateral estoppel is one to be determined by the court and not the arbitrator (Matter of Cine-Source, Inc. v Burrows, 180 AD2d 592 [1st Dept 1992]; Matter of Conforti & Eisele v William J. Scully, Inc., 98 AD2d 646 [1st Dept 1983], lv denied 61 NY2d 606; Matter of Weinberger [Friedman], 41 AD2d 620 [1st Dept 1973]).
Here, respondent’s prior complaint against petitioner and others is set forth on 13 pages with 55 paragraphs and seven causes of action alleging various tortious acts to have been committed by petitioner, including fraud and tortious interference with contracts. However, the demand for arbitration merely states the "nature of dispute” as follows: "Breach of Contract; Breach of Fiduciary Duty; Fraudulent Inducement; Tortious Interference with Contract; and Intentional Interference with Economic Relations”. Thus, there is no manner in which I can now determine whether the claims asserted in the prior action are those presently sought to be asserted in arbitration. Since allowing the arbitrator to ferret out the *231 claims and make such determination would apparently be improper (as indicated in the above-cited cases), respondent is directed to serve, within 30 days of service of a copy of this order, a detailed statement of its claims. After service of such statement, petitioner may renew this application for a stay if it contends that the claims set forth are those which were asserted in the prior action. If a statement is not served within the aforesaid period, then the application to stay arbitration will be granted and a judgment to that effect may be settled.