■ ALERT MEDICAL PERSONNEL, Appellant, v JOSEPHINE RERA et al., Respondents. [612 NYS2d 928] —In an action, *inter alia,* to enforce a lien on the proceeds of a lawsuit, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated July 8, 1992, which, upon reargument, vacated that portion of an order of the same court, dated January 23, 1992, which directed that the sum of $35,975.34 be placed in escrow pending resolution of the action and thereupon directed that that sum be returned to the defendant Philip Rera.

■ ALERT MEDICAL PERSONNEL, Respondent-Appellant, v JOSEPHINE RERA, Appellant-Respondent, and PHILIP RERA, Respondent. [612 NYS2d 599] —In an action, *inter alia,* to enforce a lien on the proceeds of a lawsuit, the defendant Josephine Rera appeals from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated January 23, 1992, as denied that portion of the defendants' motion which was to vacate the default judgment entered against her, and the plaintiff

cross-appeals, as limited by its brief, from so much of the same order as granted that portion of the defendants' motion which was to vacate the default judgment entered against Philip Rera.

Ordered that the order is modified, by deleting the portion thereof which denied the branch of the defendants' motion which was to vacate the default judgment entered against the defendant Josephine Rera and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendant Josephine Rera payable by the plaintiff.

On December 11, 1983, the defendant Philip Rera (hereinafter Philip) was involved in a car accident in which he was rendered a quadriplegic and suffered brain damage. The defendant Josephine Rera (hereinafter Josephine), his mother, executed an agreement, as Philip's "authorized representative", granting a lien in favor of the plaintiff Alert Medical Personnel (hereinafter Alert) to be applied against the proceeds of any recovery in any personal injury action to be commenced on Philip's behalf in return for private-duty nursing care. When Philip's personal injury action was settled, Alert commenced the instant action to recover the amount due on the lien and obtained a default judgment against the defendants. The defendants moved to vacate the default judgment. The Supreme Court granted the motion as to Philip but denied Josephine the same relief.

We find that the Supreme Court's decision to vacate the default judgment against Philip Rera was not an improvident exercise of discretion. The record amply supports the court's determination that the defendants' default was the result of an excusable delay and that Philip had a meritorious defense to the action. We note that Alert's argument, that Philip presented insufficient proof of his mental incompetence, is raised now for the first time on appeal and, therefore, is unpreserved for appellate review (see, Matter of People v New Woman, 197 AD2d 525). In any event, there was sufficient indication, including the defendants' proposed verified answer, that Philip may have been mentally incompetent at the time his mother, Josephine, granted the lien to the plaintiff as his authorized representative.

Moreover, since the defenses of Philip and Josephine, as principal and agent, are so intertwined, we find that the Supreme Court should have vacated the default as to Josephine also so that the issues relating to Josephine's authority

to execute the agreement and which defendant, if either, is liable can be determined on the merits *(see, Walz v Todd & Honeywell,* 195 AD2d 455; *East Patchogue Contr. Co. v Magesty Sec. Corp.,* 181 AD2d 714; *Broughton v Dona,* 101 AD2d 897; *see also, P & L Group v Garfinkel,* 150 AD2d 663). Balletta, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.