■ DAVID MORALES, Respondent, v GUZMAN C. LUNA et al., Appellants, et al., Defendant. (And a Third-Party Action.) [614 NYS2d 302] —In an action to recover damages for personal injuries, the defendants Guzman C. Luna and Carmelo G. Luna appeal from so much of an order of the Supreme Court, Kings County (Aronin, I., J.), dated September 22, 1992, as granted the plaintiff's motion to vacate a prior order of the same court, dated June 11, 1992, which upon the plaintiff's default, *inter alia,* dismissed the complaint insofar as asserted against them and dismissed their third-party complaint.

Ordered that the order dated September 22, 1992, is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion is denied, the order dated June 11, 1992, is reinstated, the complaint is dismissed as against the defendants, Guzman C. Luna and Carmelo G. Luna, the third-party complaint is dismissed, and the action against the remaining defendant is severed.

The plaintiff failed to establish that he had a meritorious claim *(see, Alert Med. Personnel v Rera,* 203 AD2d 401). The sole item of competent medical evidence submitted by the plaintiff in support of his motion to vacate his default cited only subjective complaints of pain *(see, Scheer v Koubek,* 70 NY2d 678, 679), failed to account for the plaintiff's seven-year hiatus in seeking additional medical treatment for the claimed injuries *(see, Marshall v Albano,* 182 AD2d 614), and further failed to present proof that the alleged knee condition resulted in an objectively quantified limitation of the plaintiff's ability to walk or bend *(see, McHaffie v Antieri,* 190 AD2d 780). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.