■ STATE OF NEW YORK, Plaintiff, v TARRYTOWN CORPORATE CENTER, II, Defendant and Third-Party Plaintiff-Respondent, and GREATER NEW YORK MUTUAL INSURANCE COMPANY, Respondent. ADMORE AIR CONDITIONING CORPORATION, Third-Party Defendant-Appellant; FFI LANDMARK CORPORATION, Formerly Known as A.C.F.C. LIQUIDATING CORPORATION, Formerly Known as FRANK'S FUEL, INC., Third-Party Defendant-Respondent. (And Another Third-Party Action.) [617 NYS2d 383] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Conway, J.), entered July 28, 1993 in Albany County, which granted a motion by third-party defendant FFI Landmark Corporation for summary judgment dismissing the amended third-party complaint and all cross claims against it, and (2) from an order of said court, entered December 6, 1993 in Albany County, which denied a motion by third-party defendant Admore Air Conditioning Corporation for summary judgment dismissing the amended third-party complaint and all cross claims against it.

The underlying action was commenced on or about April 4, 1988 by plaintiff pursuant to Navigation Law article 12 against Tarrytown Corporate Center, II (hereinafter Tarrytown) and Greater New York Mutual Insurance Company (hereinafter Greater New York), its liability insurance carrier, to recover the costs of cleaning up an oil spill allegedly discovered on January 12, 1981 on Tarrytown's property located in Westchester County. A third-party action was thereafter commenced seeking indemnification against Admore Air Conditioning Corporation (hereinafter Admore) and FFI Landmark Corporation (hereinafter FFI) alleging that Admore negligently installed a petroleum storage tank on its premises and FFI was negligent in deliveries of fuel oil and performance of other services. Admore cross-claimed against FFI for contribution and/or indemnification. Following the completion of discovery, FFI successfully moved for summary judgment dismissing the amended third-party complaint and all cross

claims against it. A similar motion by Admore was denied. Admore now appeals from both orders.*

Admore initially contends that Supreme Court erred in denying its motion for summary judgment dismissing the amended third-party complaint. In support of its motion, Admore submitted the affidavit of its president, who conceded that Admore had installed the underground fuel tank in question, but pointed out that the installation was approved by the local building inspector and by an engineer of Tarrytown. Admore's president also averred that he was aware of no evidence of any wrongdoing on Admore's part in the performance of its duties as the installer of the heating system. Although self-serving, the affidavit was sufficient to meet Admore's burden as the proponent of the motion (see, Zambotti v Reading, 162 AD2d 991), thereby shifting the burden to Tarrytown to come forward with evidentiary proof sufficient to raise triable issues of fact (see, Zuckerman v City of New York, 49 NY2d 557, 562; Wessels v Service Mdse., 187 AD2d 837, 838).

While there is evidence in the record that the underground storage system installed by Admore was the source of the subsurface contamination, there is no evidence to demonstrate the particular defect. Supreme Court relied upon evidence that a small crack in an elbow joint below the vent pipe was discovered in January 1981. The undisputed evidence in the record, however, establishes that the leak, which was only inches below the surface, was immediately repaired and the soil cleaned up. The report, which pinpoints the underground storage system as the source of the contamination, states, without any dispute in the record, that "site hydrogeology and spill history infer [sic] a nearly 'steady-state' plume maintained by *ongoing product loss from the indicated source*" (emphasis supplied). The report was prepared in 1984, more than three years after the small crack below the vent pipe was repaired. Based upon the record, it is clear that the cause of the leak is unknown.

In the absence of some evidence in the record of the cause of the leak, there is no basis for finding a question of fact regarding Admore's liability for the contamination. Admore was not in control of the premises or the underground supply system when the contamination was discovered. Nor is it

---

* Tarrytown and Greater New York also appealed from the order granting dismissal to FFI but those appeals have respectively been dismissed and withdrawn.

reasonable to infer that because Admore installed the system, a question of fact exists as to whether Admore's failure to properly install the system or test it after installation was a proximate cause of the contamination. Admore installed and tested the system in 1976. The contamination was not discovered until more than four years later. There is nothing in the record which would rule out intervening events as possible causes of the leak. For example, settling of the soil due to improper excavation, for which Admore would not be responsible, could have caused the leak, as could excessive pressure by overfilling. Heavy equipment driven over the area where the system was installed could also have caused the leak. The record provides no basis for determining whether one or more of these events occurred. The conclusion that such an event occurred would be pure speculation, but in our view such a conclusion requires no greater speculation than the conclusion that Tarrytown failed to properly perform its duties as the installer of the system. Such speculation, unsupported by any evidence of Admore's wrongdoing, is insufficient to defeat Admore's motion for summary judgment *(see, Wessels v Service Mdse., supra,* at 838; *Jones v Sumo Container Sta.,* 186 AD2d 539; *see also, Robinson v Burlingame,* 177 AD2d 848; *Yaroschak v Suffern Window Cleaning Co.,* 174 AD2d 887). As such, Supreme Court should have granted Admore's motion.

We do, however, find that Supreme Court was correct in granting summary judgment to FFI. The court rejected Admore's argument that the proof submitted by FFI was not in admissible form and that further disclosure of Tarrytown would produce evidence to defeat the motion. Tarrytown sought to establish liability for FFI's failure to keep true and accurate records which would have demonstrated a leak because of the excessive fuel oil usage and, concomitantly, the failure to properly inspect, maintain and repair the leaking tanks and lines. FFI offered the very receipts and invoices for fuel oil deliveries that it had obtained from Tarrytown in discovery proceedings to negatively prove the absence of any evidence of its negligence. The use of the affidavit of FFI's attorney as a vehicle for the introduction for the documents was not improper; nor was the lack of their authentication fatal for they were Tarrytown's own records *(see, Borchardt v New York Life Ins. Co.,* 102 AD2d 465, 467-468, *affd* 63 NY2d 1000). It is also apparent that none of the other concerned parties attempted discovery of FFI within the two years available nor within the time constraint for completion ordered by Supreme Court. In sum, in the absence of proof

sufficient to oppose FFI's motion, we find no error in the order granting that motion.

White, Casey and Peters, JJ., concur. Ordered that the order entered July 28, 1993 is affirmed, without costs. Ordered that the order entered December 6, 1993 is reversed, on the law, without costs, motion granted, summary judgment awarded to third-party defendant Admore Air Conditioning Corporation and third-party complaint and all cross claims against it are dismissed.