■ FRANCINE R. STOWE, Respondent, et al., Plaintiffs, v MARGRIE L. SIMMONS et al., Appellants. [676 NYS2d 638] —In an

action to recover damages for personal injuries, the defendants Margrie L. Simmons and Renee Hye appeal, and the defendants Adrienne C. Bolton and Dina S. Crombie separately appeal, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 21, 1997, as denied those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiff Francine R. Stowe on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, those branches of the motions are granted, and the complaint is dismissed insofar as asserted on behalf of Francine R. Stowe.

In opposition to the defendants' respective motions, in which they made a prima facie showing of entitlement to summary judgment on the ground that the plaintiff Francine R. Stowe did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of an accident on October 17, 1991, Stowe submitted, *inter alia*, a physician's affirmation and report dated December 17, 1996, which stated that she suffered from recurrent cervical and lumbosacral spine sprain and radiculitis with specified degrees of restriction of motion. The report, dated over five years after the accident, was insufficient to raise a question of fact that Stowe suffered a serious injury because the report failed to indicate any objective basis upon which the physician determined the stated degrees of limitation of motion allegedly suffered, and it was clearly tailored to meet the statutory requirements (*see, Lopez v Senatore,* 65 NY2d 1017; *Konkowski v Hoare,* 240 AD2d 638; *Lincoln v Johnson,* 225 AD2d 593). The report does not provide any information concerning the nature of Stowe's medical treatment or any explanation for the four-year gap between Stowe's therapy through March 1992 and her subsequent visit to the examining physician in 1996 (*see, Medina v Zalmen Reis & Assocs.,* 239 AD2d 394; *Morales v Luna,* 205 AD2d 673; *Marshall v Albano,* 182 AD2d 614). Furthermore, there was no competent proof that Stowe suffered from her claimed present injuries prior to her involvement in a subsequent automobile accident in May 1994, and therefore, she failed to demonstrate that the 1991 accident was the proximate cause of her claimed injuries (*see, Khodadadian v Wolff,* 242 AD2d 681; *Cacaccio v Martin,* 235 AD2d 384; *Waaland v Weiss,* 228 AD2d 435). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.