■ JUDITH E. PEREZ, Respondent, v JOHN R. VELEZ, Appellant. [678 NYS2d 525] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 28, 1998, which denied his motion for summary judgment dismissing the complaint based upon the plaintiff's failure to sustain a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The evidence proffered by the defendant, in sworn admis-

sible form (*see, Pagano v Kingsbury,* 182 AD2d 268), demonstrated, prima facie, that the plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d). Contrary to the conclusion of the Supreme Court, we find that the plaintiff failed to rebut the defendant's prima facie showing. The affirmation of the plaintiff's expert medical witness was insufficient to establish that the plaintiff suffered a serious injury because it consisted primarily of conclusory assertions tailored to satisfy statutory requirements (*see, Medina v Zalmen Reis & Assocs.,* 239 AD2d 394). Moreover, this affirmation does not explain the more than three-year gap between the physician's July 22, 1994, examination of the plaintiff, just six days after the accident, and his next examination of the plaintiff on November 18, 1997 (*see, Medina v Zalmen Reis & Assocs., supra; Marshall v Albano,* 182 AD2d 614). Accordingly, the defendant's motion for summary judgment should have been granted (*see, Licari v Elliot,* 57 NY2d 230).

The plaintiff's remaining contentions are without merit. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.