■ Ginger Russell et al., Appellants, v City of Mount Vernon et al., Respondents. [682 NYS2d 91] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered January 2, 1998, which granted the

defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Ginger Russell had not sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants established a prima facie case that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955), and the Supreme Court correctly determined that the plaintiffs' evidence failed to raise a triable question of fact on the issue. The plaintiffs submitted, *inter alia*, an affirmation by Dr. Gerald L. Gaughan, a physician who examined the injured plaintiff, in which he stated that the injured plaintiff suffered from specifically quantified restrictions of movement of her lumbosacral spine. However, Dr. Gaughan failed to indicate any objective medical tests which he performed to determine these specifically quantified measurements (*see, Merisca v Alford,* 243 AD2d 613; *Lincoln v Johnson,* 225 AD2d 593; *Giannakis v Paschilidou,* 212 AD2d 502; *Antoniou v Duff,* 204 AD2d 670). The remainder of the plaintiffs' evidence in opposition to the defendants' motion was not considered, as it was not submitted in admissible form (*see, Grasso v Angerami,* 79 NY2d 813; *Mobley v Riportella,* 241 AD2d 443, 444). Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.