■ Jose Almonte, Appellant, v Department of Correction of the City of New York et al., Respondents. [703 NYS2d 721] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered February 5, 1999, which denied plaintiff's motion for permission to file a late notice of claim, unanimously affirmed, without costs.

The motion court correctly determined that the relief ostensibly requested was unnecessary since plaintiff had, in fact, filed a timely notice of claim in this matter. What plaintiff, never having commenced his action within the statutorily prescribed period, evidently intended to request was permission to file a late summons and complaint. That relief, however, is barred by General Municipal Law § 50-i (1) (*see, Matter of Meletiche v City of New York*, 260 AD2d 385). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Rubin and Andrias, JJ.

■ Ann M. Diaz, Respondent, v West 197th Street Realty Corp., Appellant. [703 NYS2d 917] —Order, Supreme Court, Bronx County (George Friedman, J.), entered April 16, 1999, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In light of the deposition testimony indicating that defendant's superintendent may have had actual notice of the spill of liquid detergent on the lobby floor of defendant's building as much as half-an-hour prior to plaintiff's accident, and in light of the deponents' descriptions of that spill, the IAS Court properly found triable issues with respect to whether defendant had either actual or constructive notice of the hazard, as well as whether, if defendant did have notice of the hazard, its remedial measures were adequate (*see, e.g., El-Taher v Memorial Hosp. for Cancer & Allied Diseases*, 266 AD2d 92). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Rubin and Andrias, JJ.