■ PANAGIOTIS NIKOLOPOLOUS, Respondent, v EARL BROWN, Appellant. [704 NYS2d 129] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated March 10, 1999, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant made a prima facie showing of entitlement to judgment as a matter of law on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of an accident on June 25, 1990. In opposition, the plaintiff submitted, inter alia, an affirmation of Dr. Richard L. Parker, dated November 20, 1998, which states that the plaintiff suffers from a partial, permanent disability in his cervical and lumbosacral spines with specified degrees of restriction of motion. The physician's affirmation, dated over eight years after the accident, was insufficient to raise a question of fact that the plaintiff sustained a serious injury because it consisted of merely "conclusory assertions tailored to meet statutory requirements" (Lopez v Senatore, 65 NY2d 1017, 1019; see, Perez v Velez, 253 AD2d 865). The affirmation did not provide any information concerning the nature of plaintiff's medical treatment or explain the more than eight-year gap between the time that the plaintiff was last examined by a physician regarding these alleged injuries, and the time that he was examined by Dr. Parker (see, Stowe v Simmons, 253 AD2d 422; Perez v Velez, supra; Marshall v Albano, 182 AD2d 614). Furthermore, in light of the fact that the plaintiff was involved in another automobile accident in September 1990, he failed to demonstrate that the subject accident, on June 25, 1990, was a proximate cause of his claimed

injuries (*see, Stowe v Simmons,* 253 AD2d 422, *supra; Khodadadian v Wolff,* 242 AD2d 681; *Cacaccio v Martin,* 235 AD2d 384; *Waaland v Weiss,* 228 AD2d 435). Therefore, the motion for summary judgment dismissing the complaint should have been granted. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.