■ HERMINE JACKSON et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. (And a Third-Party Action.) [708 NYS2d 469] —In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals from so much of an order of the Supreme Court, Richmond County (Mastro, J.), dated March 26, 1999, as denied

its motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant New York City Transit Authority made a prima facie showing of its entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise an issue of fact as to whether the injured plaintiff, Hermine Jackson (hereinafter the plaintiff), sustained a serious injury within the meaning of Insurance Law § 5102 (d). While the plaintiff's treating physician properly relied on an unsworn Magnetic Resonance Imaging report submitted by the defendants (*see, Raso v Statewide Auto Auction,* 262 AD2d 387), which showed that the plaintiff suffered from a bulging disc, her treating physician failed to provide any objective evidence of the extent or degree of the alleged physical limitations resulting from this disc injury and its duration (*see, Grossman v Wright,* 268 AD2d 79; *Guzman v Michael Mgt.,* 266 AD2d 508; *Noble v Ackerman,* 252 AD2d 392, 394). Furthermore, the treating physician's affirmation, dated over six and one-half years after the accident, does not provide any information concerning the nature of the plaintiff's medical treatment or any explanation for the gap of more than six years between the time that the plaintiff was last examined by a physician in August 1992, and her subsequent visit to her treating physician in July 1998 (*see, Stowe v Simmons,* 253 AD2d 422; *Perez v Velez,* 253 AD2d 865; *Medina v Zalmen Reis & Assocs.,* 239 AD2d 394; *Marshall v Albano,* 182 AD2d 614).

Furthermore, the plaintiff's self-serving affidavit stating that she was unable to return to work and perform her domestic duties after the accident, without a physician's affidavit substantiating the existence of a medically determined injury which caused the alleged limitation of her activities, was insufficient to create a triable issue of fact as to her inability to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the accident (*see, Taylor v Taylor,* 260 AD2d 571; *Ryan v Xuda,* 243 AD2d 457; *Yagliyan v Gun Shik Yang,* 241 AD2d 518; *Orr v Miner,* 220 AD2d 567). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.