■ MARIA LAURETTA, Appellant, v COUNTY OF SUFFOLK et al., Respondents. (And Another Title.) [708 NYS2d 468] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 22, 1998, which, *inter alia,* granted the separate motions of the defendants County of Nassau and Nassau County Police Department, and the defendants County of Suffolk and Suffolk County Police Department, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

In support of their motions for summary judgment, the defendants submitted medical evidence which established that the plaintiff had not sustained a serious injury within the

meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955). The burden then shifted to the plaintiff to come forward with admissible proof to raise a triable issue of fact (*see, Grossman v Wright,* 268 AD2d 79; *Joseph v Cherry,* 269 AD2d 498). Contrary to the plaintiff's contention, the affidavits prepared by Dr. Alfred Malinov and Dr. Bert S. Horwitz did not provide the verified objective medical evidence necessary to sustain this burden. Neither physician indicated that he had performed objective tests to verify the plaintiff's subjective complaints of pain and quantify her alleged limitation of motion (*see, Grossman v Wright, supra*), or explained the gap of approximately six years between the plaintiff's final medical treatment and their affidavits submitted in opposition to the motions (*see, Nikolopolous v Brown,* 270 AD2d 240; *Miller v Donohue,* 250 AD2d 825).

Furthermore, the plaintiff's allegation in her affidavit that she was forced to curtail recreational and household activities was insufficient to demonstrate that she had sustained a medically-determined injury or impairment which prevented her from performing substantially all of the material acts constituting her normal daily activities for not less than 90 of the first 180 days following the accident (*see,* Insurance Law § 5102 [d]; *Rum v Pam Transp.,* 250 AD2d 751). Thompson, J. P., Krausman, H. Miller and Schmidt, JJ., concur.