■ IONA WELCOME, Appellant, et al., Plaintiff, v MAHMOUD DIAB, Respondent. [711 NYS2d 329] —In an action to recover damages for personal injuries, the plaintiff Iona Welcome appeals from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated May 7, 1999, which granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted by her.

Ordered that the order is affirmed, with costs.

The defendant made a prima facie showing of entitlement to judgment as a matter of law (*see, Gaddy v Eyler,* 79 NY2d 955). In opposition, the appellant failed to raise an issue of fact as to whether she had sustained a serious injury within the meaning of Insurance Law § 5102 (d). While the affirmations of the appellant's treating and examining physicians purported to quantify certain alleged restrictions in her range of motion, they failed to support their determinations with proof of an objectively-diagnosed injury (*see, Grossman v Wright,* 268 AD2d 79; *Carroll v Jennings,* 264 AD2d 494; *Kauderer v Penta,* 261 AD2d 365; *Lobo v Singh,* 259 AD2d 523; *DiNunzio v County of Suffolk,* 256 AD2d 498; *Russell v City of Mount Vernon,* 256 AD2d 454). In addition, the affirmations do not provide any information concerning the nature of the appellant's medical treatment or any explanation for the over four-year gap between the date of the accident and her subsequent visits to these physicians in November 1998 and March 1999 (*see, Perez v Velez,* 253 AD2d 865; *Stowe v Simmons,* 253 AD2d 422; *Medina v Zalmen Reis & Assocs.,* 239 AD2d 394).

Furthermore, the appellant's affidavit stating, *inter alia,* that she was unable to return to work, without competent evidence of a medically-determined injury producing the alleged impairment of her activities, was insufficient to create a triable issue of fact as to her inability to perform substantially all of her daily activities for at least 90 of the first 180 days subsequent to the accident (*see, Taylor v Taylor,* 260 AD2d 571; *Ryan v Xuda,* 243 AD2d 457; *Yagliyan v Gun Shik Yang,* 241 AD2d 518; *Orr v Miner,* 220 AD2d 567). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.