■ MARY F. GILROY, Respondent, v ROSE DUNCOMBE et al., Appellants. [712 NYS2d 142] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 10, 1999, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The affirmed medical reports that the defendants submitted in support of their motion for summary judgment made out a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955; *Funderburk v Gordon,* 273 AD2d 196; *Harewood v Aiken,* 273 AD2d 199). The plaintiff's evidence submitted in opposition to the motion was insufficient to raise a triable issue of fact on that issue. Although the affirmation of the plaintiff's examining physician purported to quantify certain alleged restrictions in the plaintiff's range of motion, the physician failed to set forth the objective tests that were performed to support her conclusions (*see, Grossman v Wright,*

268 AD2d 79; *Watt v Eastern Investigative Bur.,* 273 AD2d 226; *Welcome v Diab,* 273 AD2d 377; *Villalta v Schechter,* 273 AD2d 299). The plaintiff also submitted evidence that she had bursitis in her left hip. That evidence, however, was insufficient, in and of itself, to establish the existence of a serious injury in the absence of any objective medical evidence connecting the bursitis to the accident (*see, Borino v Little,* 273 AD2d 262; *Greene v Miranda,* 272 AD2d 441; *Guzman v Michael Mgt.,* 266 AD2d 508). Significantly, the plaintiff's physician did not explain how the plaintiff's purported range of motion limitations found in June 1999 were causally related to the accident which occurred in December 1996, when her examination of the plaintiff conducted in June 1997, six months after the accident, revealed no range of motion limitations. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.