■ GINA SAPIENZA et al., Appellants, v COLUMBUS CLUB OF NEW HYDE PARK, INC. et al., Respondents. [723 NYS2d 392] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated December 7, 2000, as granted those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, those branches of the motions which were for summary judgment dismissing the complaint are denied, and the complaint is reinstated.

The injured plaintiff alleges that she slipped and fell as a result of liquid on a dance floor. In opposition to the defendants' prima facie case for summary judgment, the plaintiffs raised triable issues of fact as to whether the defendants had actual and/or constructive notice of the liquid, and failed to remedy the condition (*see, Diaz v West 197th St. Realty Corp.,* 269 AD2d 327). Accordingly, summary judgment is denied. O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.

■ SAMUEL SCHWARTZ et al., Appellants, v EITAN DUMB-ROWSKY, Respondent. [723 NYS2d 385] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), entered April 18, 2000, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The defendant demonstrated his prima facie entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to come forward with admissible evidence sufficient to raise a triable issue of fact (*see, Lopez v Senatore,* 65 NY2d 1017, 1019; *Perez v Velez,* 253 AD2d 865; *Medina v Zalmen Reis & Assocs.,* 239 AD2d 394; *Marshall v Albano,* 182 AD2d 614). Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.