■ RAY COOK, Respondent, v EDMUND A. MANKOWSKI, Appellant, and ERIC Y. SANTIAGO, Respondent. (And a Third-Party Action.) [729 NYS2d 896] —In an action to recover damages for personal injuries, etc., the defendant Edmund A. Mankowski appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 11, 2000, as denied his motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims insofar as asserted against the appellant are dismissed, upon searching the record, the separate motion of the defendant Eric Y. Santiago for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted, so much of the order as denied

his separate motion is vacated, and the complaint and all cross claims are dismissed insofar as asserted against him.

The appellant met his initial burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and thus, it was incumbent upon the plaintiff to come forward with admissible evidence to raise an issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957). The plaintiff failed to do so (*see, Scheer v Koubek,* 70 NY2d 678; *Perez v Velez,* 253 AD2d 865; *Verrelli v Tronolone,* 230 AD2d 789; *Marshall v Albano,* 182 AD2d 614). Therefore, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Furthermore, inasmuch as the plaintiff failed to demonstrate that he sustained a serious injury, we search the record and grant the motion of the defendant Eric Y. Santiago for summary judgment and dismiss the complaint and all cross claims insofar as asserted against him, notwithstanding his failure to appeal (*see, Dinkle v Lagala,* 246 AD2d 624). Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.