■ JENNIFER CANGRO, Appellant, v ROBERT A. SCHWARTZ et al., Respondents. [733 NYS2d 900] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Ponterio, J.), dated August 30, 2000, as denied her motion for summary judgment against the defendants Robert A. Schwartz and Frank F. Cangro, and granted the cross motions of those defendants for summary judgment dismissing the complaint insofar as asserted against them, and (2) from an order of the same court dated October 31, 2000, which denied her motion for summary judgment against the defendant Lisa Nien Tsu Lu and granted the cross motion of that defendant to dismiss the complaint insofar as asserted against her.

Ordered that the order dated August 30, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 31, 2000, is affirmed; and it is further,

Ordered that the defendant Frank F. Cangro is awarded one bill of costs payable by the appellant.

The plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law against any of the defendants, by "tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Summary judgment can neither be awarded nor defeated on the basis of the conclusory assertions contained in the plaintiff's moving papers (*see, Lopez v Senatore,* 65 NY2d 1017, 1019; *Finkelstein v Cornell Univ. Med. Coll.,* 269 AD2d 114; *Solow v Liebman,* 262 AD2d 633).

The Supreme Court properly granted the defendants' separate cross motions for summary judgment dismissing the complaint. The defendants demonstrated their prima facie entitlement to judgment as a matter of law and, in opposition, the plaintiff failed to come forward with admissible evidence sufficient to raise a triable issue of fact (*see, Schwartz v Dumbrowsky,* 282 AD2d 597; *Votta v Votta Enters.,* 249 AD2d 536; *Jones v Sumo Container Sta.,* 186 AD2d 539). Krausman, J. P., Friedmann, Florio and Adams, JJ., concur.