14-611-cv
*Williams  v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fifteen.

Present:        Peter W. Hall,
                Gerard E. Lynch,
                Susan L. Carney,
                        *Circuit Judges*.

_____

Leslie Williams,

                *Plaintiff-Appellant*,

        v.                                          No. 14-611-cv

United States of America,

                *Defendant-Appellee*.

_____

FOR APPELLANT:              Brian W. Matula, Cooper Erving & Savage LLP, Albany, NY.

FOR APPELLEE:               Karen Folster Lesperance, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY.

_____

Appeal from the United States District Court for the Northern District of New York

(Sharpe, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Leslie Williams ("Williams") appeals from a final judgment of the United States District Court for the Northern District of New York (Sharpe, *C.J.*) dismissing her Federal Tort Claims Act case after a three-day bench trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"After a bench trial, the court's '[f]indings of fact, whether based on oral or other evidence, must not be set aside unless [they are] clearly erroneous.'" *Diesel Props S.R.L. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011) (alterations in original) (quoting Fed. R. Civ. P. 52(a)(6)); *see also Anderson v. Bessemer City,* 470 U.S. 564, 573–74 (1985); *Banker v. Nighswander, Martin & Mitchell,* 37 F.3d 866, 870 (2d Cir. 1994). "The 'clearly erroneous' standard applies whether the findings are based on witness testimony, or on documentary evidence, or on inferences from other facts." *Diesel Props S.R.L.*, 631 F.3d at 52. The District Court's conclusions of law are reviewed *de novo*. *See id.* at 51.

To recover for non-economic losses resulting from a vehicle accident in New York, a plaintiff must demonstrate that she suffered a "serious injury" under New York's No-Fault Insurance Law. N.Y. Ins. Law § 5104(a).

> "Serious injury" means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

N.Y. Ins. Law § 5102(d). The District Court determined that Williams failed to provide sufficient evidence of "serious injury" at trial to merit an award for non-economic injury. Our

2

review of the District Court's findings confirms that they were based on the evidence presented at trial. Its decision was not clearly erroneous.

The District Court concluded that Williams was not a credible witness both as to her trial testimony and as to her representations to the doctors who diagnosed her. This credibility determination was supported by photographic evidence that the underlying accident was not as severe as plaintiff testified, plaintiff's inconsistent testimony as to the events of the accident, testimony that plaintiff was able to perform tasks that exceeded her claimed limitations, evidence that plaintiff shopped for a doctor who would provide her with particular medical treatment, and plaintiff's misrepresentations as to potential employment she claimed she was forced to forgo due to the accident. Supported as it was by the evidence, the District Court's decision to disregard Williams' testimony was not clear error. *See Anderson,* 470 U.S. at 573–75 ("If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. . . . When findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings. . . .").

The District Court's decision, based on Williams' lack of credibility, not to credit the testimony of the doctors who examined her was also not clear error. Having found that the plaintiff lacked credibility, the District Court chose to disregard testimony of medical experts who relied for their ultimate diagnostic conclusions, directly or indirectly, on plaintiff's subjective reports of pain, tingling, numbness, or ability to work. Standing alone, subjective reports of pain, tingling, or numbness are insufficient to demonstrate "serious injury," *see Toure v. Avis Rent A Car Systems, Inc.*, 98 N.Y.2d 345, 350 (2002) ("[W]e have required objective proof of a plaintiff's injury in order to satisfy the statutory serious injury threshold; subjective

3

complaints alone are not sufficient." (citations omitted)), and medical diagnoses hinging upon such reports may fall short of the kind of objective medical evidence necessary to establish serious injury under New York law, *id*. at 351 ("[A]n expert's opinion unsupported by an objective basis may be wholly speculative, thereby frustrating the legislative intent of the No-Fault Law to eliminate statutorily-insignificant injuries or frivolous claims."). The only evidence of injury that does not rely upon plaintiff's reports of pain, tingling, or numbness were MRIs taken after the accident that show synovial fluid, resulting in a diagnosis of bursitis, minimal tendonitis, and an EMG nerve conduction study that showed abnormalities that are essentially meaningless outside of the context of a prior diagnosis based on Williams' subjective reports. The District Court did not clearly err in concluding that this evidence failed to demonstrate a serious injury that was sufficient to permit compensation for non-economic losses under New York law. *See Paulino v. Rodriguez*, 937 N.Y.S.2d 198, 199 (1st Dep't 2012) (holding that determination on whether bursitis rose to the level of serious injury was issue for the trier of fact); *Gilroy v. Duncombe*, 712 N.Y.S.2d 142, 143 (2d Dep't 2000) ("The plaintiff also submitted evidence that she had bursitis in her left hip. That evidence, however, was insufficient, in and of itself, to establish the existence of a serious injury in the absence of any objective medical evidence connecting the bursitis to the accident.").

We have considered all of Williams' remaining arguments and find them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4