■ MERGENT SERVICES, Plaintiff, and JOHN BAL, Appellant, v ITEX CORPORATION et al., Respondents, et al., Defendant. [13 NYS3d 367]—Order, Supreme Court, New York County (Debra A. James, J.), entered February 27, 2014, which, to the extent appealed from, granted plaintiff pro se's motion to reargue an order entered April 1, 2013 and adhered to the original determination reinstating the dismissal of the action as against defendant ITEX Corporation, unanimously affirmed, without costs.

Although plaintiff's reargument motion sought to bring up

for review a January 2008 order, this Court had dismissed the appeal from that order as untimely and had denied plaintiff's motion to reinstate the appeal, and the time to appeal was not revived or extended by the subsequent vacatur and reinstatement of that order.

Plaintiff's argument that ITEX had waived arbitration before its commencement by not timely proceeding within 30 days of issuance of a provisional remedy pursuant to CPLR 7502 (c) was not proper reargument because the April 2013 order had addressed the different issue of whether plaintiff waived arbitration by not paying arbitral fees after commencement. In any event, the argument was without merit, as no provisional remedy had been issued. Plaintiff's contention that ITEX, as an unauthorized foreign corporation doing business in this state, was not entitled to compel arbitration was properly rejected, because such a corporation may seek to compel arbitration defensively (*see* Business Corporation Law § 1312 [b]; *Ruti v Knapp*, 193 AD2d 662, 663 [2d Dept 1993]).

We have considered plaintiff's other contentions and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Renwick, Saxe and Feinman, JJ.